UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CAUSE NO. 4:21-CR-0588-S |
| | § | |
| ANTHONY HUTCHINSON and | § | |
| BRIAN BUSBY | § | Judge Andrew S. Hanen |
| | § | |
| Defendants. | § | |

DEFENDANT'S RESPONSE TO THE GOVERNMENT'S REQUEST FOR DISCLOSURES

The Defendant Brian Busby, by and through his attorneys, Dick DeGuerin and Mark White, III, submits his Response to the Government's Request for Disclosure, and would show the following:

I.

The Government has requested, pursuant to Rule 16(b)(1)(C)(i) of the Federal Rules of Criminal Procedure, that the Defendant disclose specific details related to its expert witnesses which are called for by Rule 16(b)(1)(C)(iii). Rule 16 sets up a system of reciprocal discovery in which the Government acquires a right to such detail only if a defendant first requests the same AND the Government complies. *See* FED. R. CRIM. PRO. 16(b)(1)(C)(i). Neither has happened here, or at least the undersigned does not believe the two conditions – request by defendant and compliance by the Government -- obtain. Therefore, the Defendant should have no duty to disclose, but the Defendant wants the Court to ask the Government to clarify whether it believes the Defendant has such an obligation under the Rule to avoid any misunderstanding during the trial and to avoid the delay or disruption that a misunderstanding would cause.

First, the Defendant believes that he has not triggered any obligation under Rule. The docket sheet reflects that the Defendant did not file a request for discovery under Rule 16(a)(1)(G),

1

which would have triggered an obligation to disclose once the Government had complied. The undersigned would most likely have filed such a request with the Court, and so in the absence of a filing, the Defendant would argue he has no duty to disclose.

Admittedly, it is possible that the Defendant had requested discovery of the Government's experts by email or letter, though the undersigned has no memory of it. The email account he used at the outset of this case has been closed for a long time now. The paper file maintained by the undersigned contains no letter but may not be a complete record of correspondence due to possible administrative error. The undersigned would be interested to know if counsel for the Government believes that the undersigned has somehow triggered Rule 16(b)(1)(C)(i), and if so, the basis for his belief.

Second, even if he had made a request, the Defendant still has no obligation to disclose because the Government has not provided an expert disclosure that complies with Rule 16(a)91)(G)(iii). The Government has not identified its trial expert. The Defendant did receive discovery related to a financial analysis performed by someone on the Government's behalf. The analysis was of the Defendant's tax returns and financial records. The Government provided those returns and records to the defense. The Government also provided some spreadsheets containing financial detail apparently raised from those records or derived from them. It also provided a transcript of an Internal Revenue Service special agent's testimony before the grand jury about the approach someone from the Government had taken to estimate the Defendant's expenditures from 2015 to 2018. It was from that estimate that someone for the Government extrapolated an opinion that the Defendant had earned income from supposedly unlawful sources and allegedly had willfully violated the tax law.

It is not clear whether the special agent who testified before the grand jury analyzed the financial details himself and arrived at an opinion of his own, or instead, merely had testified about the financial investigation and the opinion of some other person. It is not clear from the transcript whether he will testify at trial, though the Government styled the grand jury transcript as Jenks Act material. It would be Jenks Act material only if the Internal Revenue Service special agent testified at trial, and so the Government implied that it would call him at trial. However, it could still be the case that the Government will call someone else entirely who has not testified previously.

The Government listed a financial analyst with the Federal Bureau of Investigation as one of its anticipated trial witnesses, who by virtue of her title is presumed to have either done the financial analysis or assisted in some way. She may have formed an opinion and may be qualified to testify about it. The Government might call her as an expert witness instead of the Internal Revenue Service special agent. It might call both. The Defendant has received nothing about either of their backgrounds, publications, prior trial testimony, qualifications, or the basis for, at least, the financial analyst's opinion, which is presumably in alignment with the Government's case. It is not clear whether the Government will call the Internal Revenue Service special agent or the Federal Bureau of Investigation financial analyst or both. The Government has not disclosed who is testifying and related matters, and so the Defendant does not have to disclose either. *See* FED. R. CRIM. PRO. 16(b)(1)(C)(i).

## II.

Notwithstanding, the Defendant would disclose that he anticipates calling the following witnesses who may be asked questions about their special expertise:

3

1. Theo Rivers may testify. She is an accountant who performed tax accounting and financial planning/management services for the Defendant, his family, and for various businesses he owns. The Government interviewed her and obtained various documents from her. The Government is fully on notice of her background and her involvement in the case. It had the chance to ask her anything federal agents liked, and she was obligated either to refuse to answer or to answer truthfully on penalty of prison if she lied. So, unlike any other defense expert in a criminal case, the Government essentially got to depose her before trial.

She is expected to testify as a fact witness, but also to offer testimony related to accounting techniques or procedures commonly used in the profession to draw inferences about a person's level or sources of income from his expenditures, net worth, or other indicators.

2. Jimmy Taylor may testify. He is a former peace officer in Texas with specialized training and experience in computer forensics and in the use of data stored on cell phones and broadcast to cell sites to locate a cell phone's position at a particular time.

The Defendant has curricula vitae for each, and emailed a copy to the Government along with this Response.

### III.

The Defendant respectfully requests that the Court inquire about whether the Government believes that Rule 16 requires the Defendant to disclose expert witnesses and provide other discovery to the Government, and if so, the basis for its belief. The Defendant asks the Court to clarify that the Defendant has no such obligation.

Respectfully submitted,

DeGUERIN & DICKSON

*/s/ Dick DeGuerin*
Dick DeGuerin
Texas Bar No. 05638000
1018 Preston, 7th Floor
Houston, Texas 77002
Telephone    (713) 223-5959
Facsimile:    (713) 223-9231
dick@deguerin.com

*/s/ Mark White*
Mark White, III
Texas Bar No. 24008272
1018 Preston, 7th Floor
Houston, Texas 77002
Telephone    (713) 223-5959
Facsimile:    (713) 223-9231
MarkWhite@DeGuerin.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was emailed to AUSA Robert Johnson on the 18th day of March 2025.

*/s/ Mark White*
Mark White, III